IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. _____

BAHRUDIN PORCIC,

    Plaintiff,

vs.

LIFE INSURANCE COMPANY OF
NORTH AMERICA; and
SERTA SIMMONS BEDDING, LLC
HEALTH BENEFITS PLAN,

    Defendants.

## COMPLAINT

PRELIMINARY STATEMENT[1]

Bahrudin Porcic ("Plaintiff") brings this ERISA action against Life Insurance Company of North America ("LINA") and Serta Simmons Bedding, LLC Health Benefits Plan ("Plan") to secure long-term disability and other benefits to which Plaintiff is entitled under the Plan, which is administered by LINA. Mr. Porcic is covered under the policy by virtue of his employment with Serta Simmons Bedding, LLC ("Serta"), the sponsor of the Plan.

---

[1] This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

## PARTIES

1. Plaintiff is a citizen and resident of Mecklenburg County, North Carolina.

2. Defendant LINA is a properly organized business entity doing business in the state of North Carolina.

3. The Plan is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. Section 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Serta sponsored and maintained the Plan. Serta is the plan administrator for the Plan under ERISA because it is named as the plan administrator in the Plan or, alternatively, it is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16).

## JURISDICTION AND VENUE

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132.

5. Venue in the Western District of North Carolina is appropriate by virtue of the denial of benefits to Plaintiff in this district and Defendants doing business and being found in this District.

## FACTUAL ALLEGATIONS

6. At all times relevant to this action, Plaintiff has been a covered beneficiary under the Plan by virtue of his employment with Serta.

7. The Plan offers long-term disability ("LTD") benefits.

8. Under the terms of the Plan, Defendant LINA administers the Plan and has authority to grant or deny benefits.

9. Defendant LINA has a fiduciary obligation to Plaintiff to administer the Plan fairly, and to determine benefits according to the terms of the Plan.

10. Plaintiff is a 64-year old man who worked for Serta as a Maintenance Mechanic until December 2014. On that date, Plaintiff's impairments became so severe that he could no longer work, and he was forced to leave his employment.

11. Plaintiff suffers from plantar fasciitis and other physical ailments stemming from diabetes, hypertension, and high cholesterol, which prevent him from performing the material duties of his regular occupation or any occupation for which he is or may reasonably become qualified based on education, training, or experience.

12. Plaintiff applied to Defendant LINA and the Plan for short-term disability ("STD") benefits and submitted medical information showing that he is disabled. Plaintiff was awarded STD benefits. After three months Plaintiff applied for LTD benefits and was granted these benefits.

13. However, after it granted Plaintiff's claim for LTD benefits for several years, Defendant LINA then denied Plaintiff's claim for further LTD benefits in October 2017.

14. Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of Defendant LINA's denial of benefits. He submitted additional information to show that he is totally disabled.

15. Defendant LINA denied Plaintiff's appeal of his claim for LTD benefits. To the extent required under law, Plaintiff exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132.

16. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

a. Plaintiff is totally disabled, in that he cannot perform the material duties of his or any occupation;

b. Defendant LINA failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled; and

c. Defendant Plan has violated its contractual obligation to furnish LTD benefits to Plaintiff.

## FIRST CLAIM FOR RELIEF:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 USC § 1132

17. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-16 above.

18. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

a. Plaintiff has been wrongfully denied LTD benefits;

b. Defendant LINA failed to accord proper weight to the evidence in the administrative record; and

c. Defendant Plan has violated its contractual obligation to furnish LTD benefits to Plaintiff.

## SECOND CLAIM FOR RELIEF:
## ATTORNEY'S FEES UNDER ERISA § 502, 29 USC § 1132

19. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-18 above.

20. Plaintiff is entitled to his attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to LTD benefits under the terms of the Plan, and that Defendants be ordered to pay LTD benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the maximum age for which benefits are provided under the Plan;

2. Grant Plaintiff injunctive and declaratory relief providing that he is entitled to any other associated or related benefits sponsored or maintained by Defendants for which Plaintiff qualifies as a result of his disability;

3. Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses incurred as a result of Defendants Plan's and LINA's wrongful denial in providing benefits to Plaintiff;

4. Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest; and

5. Enter an award for such other and further relief as may be just and appropriate.

Dated this 25th day of February 2020.

Respectfully Submitted,

*/s/ Bryan L. Tyson*___
Bryan L. Tyson (N.C. Bar. No. 32182)
Marcellino & Tyson, PLLC
2820 Selwyn Ave. Ste 350
Charlotte, North Carolina 28209
Telephone: 704.919.1519
Fax: 980.219.7025
bryan@yourncattorney.com

**Attorneys for Plaintiff Bahrudin Porcic**